THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY RUSSAKOW, PLAINTIFF IN ERROR.

Argued January term, 1929—Decided March 5, 1929.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff in error, *Palmer & Powell.*

For the state, *George M. Hillman.*

PER CURIAM.

The Burlington county grand jury indicted the defendant under two indictments, one for unlawful possesssion of uten-

sils to be used in the manufacture of liquor, and another for unlawfully transporting and unlawfully possessing liquor.

The record shows that on May 12th, 1927, the defendant was arraigned and entered a plea of not guilty to both counts. May 25th, 1927, the record shows "the prisoner, on being placed at the bar and being charged, retracts his former plea of not guilty entered heretofore, and entered a plea of non vult thereto; thereupon the court continued the case to June 2d, 1927, and ordered indictments for possession of utensils, &c., *nolle prossed.*"

June 9th, 1927, the record states, "on motion of the prosecutor of the pleas, the court ordered the records of this indictment amended, thereby placing said indictment in full force and effect, and continued the case. On the same day the court ordered the plea of non vult withdrawn, and the former plea of not guilty entered, and on that state of the record on June 28th, 1927, the defendant was tried and convicted on both indictments and was fined $500 on each.

On May 25th the defendant's counsel endeavored to obtain a concession for entering a plea of non vult; the prosecutor states that in the ensuing discussion he offered to withdraw the count as to possession of liquor in one indictment only, as the limit of the state's concession. The memorandum taken by the court at the time shows that the defendant pleaded to both indictments, and was tried upon that theory.

The case is here on a strict writ of error. The defendant excepted to proceeding to trial on the indictment claimed to have been *nolle prossed,* and to the court charging the jury on that indictment.

The defendant states in his brief that the question at issue is the right of the court to reinstate an indictment, which had been *nolle prossed.*

We think there is no doubt as to the right of the court to correct an error in its records, and to proceed with the trial upon the record thus corrected. *Fraley* v. *Feather,* 46 *N. J. L.* 429; 17 *Am. & Eng. Encycl.* 813, &c.

The judgment of conviction will therefore be affirmed.